UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**CALVIN D. STRANGE, JR.**      **PLAINTIFF**

**v.**      **CIVIL ACTION NO. 1:13CV-142-GNS**

**JACKIE STRODE** *et al.*      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Dr. Ronald Waldridge and Barry Dority's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute (DN 48). Plaintiff has not filed a response. This matter is ripe for consideration. Upon review of the record, the Court will grant Defendants Waldridge and Dority's motion to dismiss and, due to Plaintiff's failure to prosecute, will dismiss the claims against all remaining Defendants.

**I.**

Plaintiff filed this civil-rights action while incarcerated in the Warren County Jail (DN 6). He later advised the Court of address changes in December 2013 to the Federal Correctional Complex – Low in Forrest City, Arkansas (DN 9) and in June 2014 to 1121 Bell Road, Antioch, Tennessee (DN 12).

By Memorandum Opinion and Order entered June 27, 2014, the Court,[1] on initial review of the complaint under 28 U.S.C. § 1915A, allowed Plaintiff's First Amendment freedom-of-religion claim to proceed against Defendants Jackie Strode and Misse Edmonds in their official capacities and the Eighth Amendment claim related to denial of analgesics to proceed against Defendants Dority and Waldridge in their official capacities (DN 14). Also on June 27, 2014, the Court entered a Scheduling Order, setting discovery, pretrial memoranda, and dispositive

---

[1] This case was originally assigned to Chief Judge Joseph H. McKinley, Jr., but by Order entered December 11, 2014, the case was reassigned to Judge Greg N. Stivers (DN 38).

motion deadlines (DN 15). The Scheduling Order warned Plaintiff "that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**."

On July 9, 2014, Plaintiff filed a motion asking the Court to authorize service of process (DN 17). Therein, Plaintiff provided an address of 808 Lea Avenue, Nashville, TN, which became his new and most current address of record. On August 5, 2014, the Court denied Plaintiff's motion as moot having already directed service (DN 24). Shortly thereafter, on August 18, 2014, Plaintiff filed a reply (DN 25) to Defendants Edmonds and Strode's answer. On the following day, Defendants Strode and Edmonds filed a motion to dismiss or, alternatively, for summary judgment (DN 26) and a motion to strike Plaintiff's reply to their answer as an improper pleading (DN 27). By Order entered October 28, 2014, the Court granted Defendants' motion to strike the reply, and because Plaintiff failed to respond to Defendants' motion to dismiss/for summary judgment, the Court provided Plaintiff with an additional 21 days to comply (DN 29). The Court advised Plaintiff that his failure to comply would result in consideration of the motion without the benefit of his response. Plaintiff did not respond.

Thereafter, on December 3, 2014, Defendant Waldridge filed a "Notice of Attempt Service & Request for Updated Address" (DN 36). Defendant's counsel advised that on November 21, 2014, he mailed discovery items to Plaintiff at the Nashville address, his address of record, but that on November 24, 2014, the box of discovery was returned marked "'Undeliverable as Addressed.'" Defendant, therefore, requested that Plaintiff verify his actual address, *i.e.*, whether it is the Nashville or Antioch address. Defendant sent this notice and request for updated address to both of those addresses. Plaintiff never responded to Defendant's request for an updated address.

By Order entered December 9, 2014, the Court denied Defendant Waldridge's motion for extension of time to conduct pretrial discovery and stayed the scheduling deadlines until the issue of Plaintiff's current address is resolved (DN 37). The copy of that Order was sent to Plaintiff at both the Nashville and Antioch addresses. On December 18, 2014, the copy of the Order sent to Plaintiff at the Nashville address was returned to the Court by the U.S. Postal Service marked "Return To Sender," "Not Deliverable As Addressed," and "Unable To Forward" (DN 39). The copy of the Order sent to the Antioch address was not returned.

By General Order entered December 11, 2014, Chief Judge Joseph H. McKinley, Jr., reassigned the instant action to Judge Greg N. Stivers (DN 38). On December 23, 2014, the copy of that Order sent to Plaintiff at his address of record, the Nashville address, was also returned to the Court by the U.S. Postal Service marked "Return To Sender," "Not Deliverable As Addressed," and "Unable To Forward" (DN 40).

Finally, on January 8, 2015, Defendants Waldridge and Dority filed the instant motion to dismiss for lack of prosecution (DN 42). Defendants sent this motion to Plaintiff at both the Nashville and Antioch addresses. Over 30 days have passed without a response by Plaintiff.

**II.**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "There are competing concerns which guide whether a court should dismiss an action for failure to prosecute." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citing *Nealey v. Transp. Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980)). "On the one hand, there is the court's need to manage its docket, the

public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Id.* "On the other hand is the policy which favors disposition of cases on their merits." *Id.*

The Sixth Circuit has held that in considering whether to dismiss an action under Rule 41(b), a court must look to the following four factors for guidance:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (quotation marks omitted). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

Defendants argue that these factors warrant dismissal because Plaintiff had prior notice that he must change his address and comply with all orders of the Court based on his receipt of this Court's Scheduling Order. They further argue that they are left unable to resolve the claims against them without Plaintiff's participation. The Court agrees.

The record reflects that Plaintiff has taken no action in this case since August 2014. He has failed to respond to Defendants' motions, even when given additional time to respond by the Court. Mail has been returned from the Nashville address, his most recent address of record. The Court warned Plaintiff in its Scheduling Order entered June 27, 2014, that his failure to notify the Court of his address change or failure to comply with any order of the Court may

result in dismissal of the case. Plaintiff did not respond to two recent motions sent by Defendants Waldridge and Dority to both Tennessee addresses. Defendants clearly are prejudiced due to Plaintiff's lack of participation, and no less drastic sanction can be imposed because Plaintiff's mail is either returned or he chooses not to participate. The Court finds that, for all intents and purposes, Plaintiff has abandoned any interest in prosecuting this action, warranting dismissal of his claim against Defendants. *Knoll*, 176 F.3d at 363 ("[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.").

**IT IS THEREFORE ORDERED** that Defendants Waldridge and Dority's motion to dismiss for lack of prosecution (DN 42) is **GRANTED** and that the claims against them are **DISMISSED**.

Having concluded that Plaintiff has abandoned the action and failed to prosecute, **IT IS FURTHER ORDERED** that the claims against Defendants Strode and Edmonds are **DISMISSED** for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").

As all claims against all Defendants have been dismissed, the Court will dismiss the action by separate Order.

Date: February 19, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of Record
4416.005